JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SHANNON HAKAKEYAN, *et al.*,
Plaintiffs,
v.
MERCEDES-BENZ USA, LLC, *et al.*,
Defendants.

Case No. 2:26-cv-03909-FLA (DMKx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 14]**

## RULING

On March 3, 2026, Plaintiffs Shannon Hakakeyan and Yaniv Davidyan (together, "Plaintiffs") filed a Complaint in the Los Angeles County Superior Court, asserting two causes of action against Defendant Mercedes-Benz USA, LLC ("Defendant") for violations of the express warranty and implied warranty of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq*. *See* Dkt. 1-1 at 4–11 ("Compl."). Plaintiffs seek the following: general, special, actual, incidental, and consequential damages; recission; restitution; diminution in value; civil penalties; prejudgment interest; attorney's fees; and costs. *Id.* at 11.[1]

On April 13, 2026, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NOR") at 1. On June 3, 2026, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 14. Defendant filed the sole response on June 17, 2026. Dkt. 17 ("Resp.").

Having reviewed and considered the Notice of Removal, Defendant's response to the OSC, and all relevant portions of the record, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS the action to the Los Angeles County Superior Court.

## DISCUSSION

### I. Legal Standard

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 89, 554. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

**II. Analysis**

Defendant argues the amount in controversy requirement is satisfied based on Plaintiffs' requests for actual damages, civil penalties, and attorney's fees, and settlement communications between the parties. NOR at 3–5; Resp. at 2. The court

will examine each category in turn.

**A. Actual Damages**

Under the Song-Beverly Act, the buyer of a vehicle may obtain "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This reduction, also known as the mileage offset, reduces the buyer's recovery by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," with each mile driven reducing the purchase price by 1/120,000. *Id.*§ 1793.2(d)(2)(C).

Here, Defendant relies on the total price of the vehicle reflected in the sales contract and asserts that Plaintiffs have placed at least $76,616.52 in controversy, based on the Complaint. NOR at 3 (citing Compl. ¶ 8). Defendant does not account for any mileage offset. *See generally* NOR; Resp. Accordingly, as there is no indication as to the applicable mileage offset, the court is unable to determine the proper amount of actual damages. *See Mullin v. FCA US, LLC*, Case No. 2:20-cv-02061-RSWL (PJWx), 2020 WL 2509081, at *3–4 (C.D. Cal. May 14, 2020) (finding the purchase price did not establish actual damages when "Defendants neglected to take the mileage offset into account"); *Cox v. Kia Motors Am., Inc.*, Case No. 5:20-cv-02380-BLF, 2020 WL 5814518, at *4 (N.D. Cal. Sept. 30, 2020) ("Because Kia has failed to account for the mileage offset, it has failed to establish either the amount of actual damages or the maximum recoverable civil penalties, calculated as twice actual damages.").

Without any evidence as to the mileage offset, the court is left with considerable doubt as to the amount in controversy. *See Tokmakova v. Volkswagen Grp. of Am., Inc.*, Case No. 2:12-cv-04666-SJO (PJWx), 2012 WL 12952629, at *3 (C.D. Cal. Aug. 1, 2012). Thus, the court finds Defendant does not present sufficient

proof in response to the OSC to establish a reliable amount of actual damages.

**B. Civil Penalties**

Defendant next argues Plaintiffs' request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation. NOR at 3–4. "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *E.g.*, *id.* (quotation marks omitted). "Rather, the defendant must make some effort to justify the assumption." *Id.* (quotation marks omitted) (collecting cases finding civil penalties under the Song-Beverly Act too speculative to be included in the amount in controversy and remanding, where defendants did not explain why civil penalties were reasonably likely to be awarded); *see also*, *e.g.*, *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) ("Simply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." (quotation marks omitted)).

Defendant contends Plaintiffs' request for civil penalties brings the amount in controversy to $229,849.56, which is double the alleged amount paid or payable for the vehicle. NOR at 3–4; Compl. ¶ 8. However, as stated, Defendant does not offer sufficient proof to establish actual damages reliably. Defendant also does not identify any specific facts or present evidence to establish Plaintiffs have pleaded willfulness plausibly or that it is reasonable to double the amount of actual damages in arriving at the size of a likely award. *See, e.g.*, *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy). The court, therefore, finds civil penalties

under the Song-Beverly Act are not adequately supported and too speculative to be included within the amount in controversy.

### C. Attorney's Fees

In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*; *see also Johnson v. Mid-Century Ins. Co.*, Case No. 23-35222, 2024 WL 702332, at *2 (9th Cir. Feb. 21, 2024) (ordering remand where defendant failed to establish plaintiff's anticipated attorney's fees were more likely than not to bring the amount in controversy above the jurisdictional minimum).

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR, 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging violations of the [Song-Beverly] Act settle early" and remanding where defendant provided no explanation for why the action was similar to those that went to trial).

Defendant argues attorney's fees should be included under the Song-Beverly Act and cites cases awarding "substantial" awards "in Song-Beverly cases …, even in cases that are settled without trial." NOR at 5. Defendant, however, does not offer

any evidence or argument for why Plaintiffs' claims are likely to result in such fees in this action. *See id*. The fact that substantial attorney's fees were awarded in other, unrelated cases is insufficient to establish a fee award is reasonably likely here. *See, e.g.*, *Kaplan*, 2021 WL 4352340, at *6. Given that the removal statute must be construed strictly, and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on anticipated attorney's fees. *See Johnson*, 2024 WL 702332, at *2.

**D. Settlement Offer**

Defendant's response contends "this case will settle for no less than $80,000" based on settlement communications with Plaintiffs' counsel. Resp. at 2. A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Beyond stating that Defendant sent a settlement offer to Plaintiffs totaling more than $75,000, Defendant does not offer any facts to explain how it arrived at the settlement offer amount—or what that amount is. *See* Resp. Without more, the court is unable to ascertain whether the settlement offer was reasonably calculated to reflect Plaintiffs' damages suffered as a result of the alleged violations. *Cf. Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) ("A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." (internal quotation marks omitted)).

The court, therefore, declines to consider the settlement offer in determining the amount in controversy.

**CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in

controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

For the foregoing reasons, the court finds Defendant has failed to establish the amount in controversy exceeds the $75,000 jurisdictional threshold required for diversity jurisdiction. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 26SMCV01192. Defendant's Motion to Compel Binding Arbitration (Dkt. 16) is DENIED as moot. All dates and deadlines in this court are VACATED, and this action shall be closed administratively.

IT IS SO ORDERED.

Dated: August 4, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge